23-6127
Zavala v. Garland

BIA
Kolbe, IJ
A205 159 466

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

BERNARDINO ZAVALA,
> *Petitioner,*

v.                                                          **23-6127**
                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Nicholas J. Mundy, Esq., Brooklyn, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Erica B. Miles, Assistant Director; Elizabeth M. Dewar, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bernardino Zavala, a native and citizen of El Salvador, seeks review of a January 9, 2023 decision of the BIA, affirming a September 27, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bernardino Zavala*, No. A205 159 466 (B.I.A. Jan. 9, 2023 ), *aff'g* No. A205 159 466 (Immig. Ct. N.Y. City Sept. 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the BIA's and the IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

2

(2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao,* 891 F.3d at 76.

Zavala alleged that he was threatened by members of a rival political party

3

(ARENA) because of his membership in the Farabundo Marti National Liberation Front ("FMLN"), and that the police arrested and beat him. Substantial evidence supports the agency's adverse credibility determination.

First, the IJ reasonably relied on inconsistencies between Zavala's written and oral statements regarding his work for the FMLN. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Zavala wrote that he was an "active member" of the FMLN and "handed out flyers and cards and talked to people about the party." Certified Administrative Record ("CAR") at 344–45. However, he testified that he was more an "observer" of the party. *Id.* at 183. When asked again what he did to support the FMLN, Zavala stated "just voting and just protecting people." *Id.* at 208. When asked why he did not mention that he went into communities and handed out flyers, Zavala answered that he was not asked about that, and then that he "did not understand." *Id.* We give deference to the IJ's finding that Zavala's explanation for these differing accounts of his work for the FMLN was nonresponsive. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (deferring to agency's demeanor assessment that was based on observations that the petitioner was "sometimes 'non-responsive' to questions"); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (acknowledging that IJs are generally in the best position to

decide whether a witness understood questions). Moreover, Zavala's argument here that his statements that he "volunteered" and "provided security" for the FMLN are not inconsistent does not explain why he did not testify that he went into communities and handed out flyers or why he denied engaging in any activities other than observing. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)).

Second, the IJ reasonably relied on an omission in evaluating the persuasiveness of Zavala's account. The agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). We have cautioned that "in general omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony." *Hong Fei Gao*, 891 F.3d at 78 (internal quotation marks and citation omitted). However, "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."

5

*Id*. Zavala testified that, in 2013, he "started working with the ARENA party" meaning that he "voted for them." CAR at 182, 213. He further testified that he switched parties in 2014, when he started "supporting [the FMLN]," and that this support was "being with [the FMLN] and voting for them." *Id.* at 182–83, 195. Zavala did not mention this prior tie to ARENA in his asylum application. *See id.* at 344–46. Zavala's former support of ARENA, whose members were his alleged persecutors, is not a minor omission, given that political persecution is the basis for his claim for relief from removal. Further, the agency did not rely solely on this omission but rather considered it in combination with other inconsistencies relating to his political affiliation and activities. *See Hong Fei Gao*, 891 F.3d at 82 ("Omissions need not go to the heart of a claim to be considered in adverse credibility determinations, but they must still be weighed in light of the totality of the circumstances and in the context of the record as a whole.").

Finally, the IJ reasonably relied on an inconsistency regarding when Zavala joined the FMLN. *See Xiu Xia Lin*, 534 F.3d at 167 ("Even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (alteration adopted) (internal quotation marks

6

and citation omitted)). Zavala's affidavit states that he joined the FMLN in 2013, he initially testified that he became involved with FMLN in 2012, but then stated it was 2013, and then he testified that he got involved with the FMLN in 2014. When confronted with this discrepancy, Zavala reiterated that he joined in 2014 and stated that he was "nervous" and that the affidavit's statement was a "mistake." CAR at 210. The IJ was not required to credit this explanation, particularly as the alleged error was made in the written statement prepared with counsel, rather than at the hearing. *See Majidi*, 430 F.3d at 80.

In sum, given the inconsistent statements and lack of responsiveness regarding Zavala's political activities and work for the FMLN, his omission of his prior support or work for ARENA, and the inconsistency about when he joined the FMLN, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all forms of relief are based on the same factual predicate. *See Hong Fei*

7

*Gao*, 891 F.3d at 76. Because the credibility finding is dispositive, we do not reach the agency's alternative findings. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court